IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANDSTAR RANGER, INC.,
a Florida corporation,

    Plaintiff,

v.

Case No: 3:25-CV-00085

LIMITLESS CARRIERS CORP.,
a New Jersey corporation,

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT AND MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and Local Rule 1.10(c), Plaintiff, LANDSTAR RANGER, LLC ("Landstar" or "Plaintiff"), hereby moves this Court for entry of a judgment by default against Defendant LIMITLESS CARRIERS CORP. ("Limitless" or "Defendant") as to damages only for failure to plead or otherwise defend in this action, and in support states the following:

    1.    Plaintiff filed its Complaint on January 29, 2025. [Dkt. 1].

    2.    Service of the Complaint was perfected on March 22, 2025. [Dkt. 12].

3. Since Defendant did not serve an answer or a motion to dismiss, or plead or otherwise defend this action as required by Rule 12 of the Federal Rules of Civil Procedure, Plaintiff filed a Motion for Entry of Default by Clerk against Defendant on May 12, 2025. [Dkt. 13].

4. The Clerk of Court entered the Entry of Default on June 10, 2025. [Dkt. 14].

5. Pursuant to Fed. R. Civ. P. 55(b), after the Clerk's entry of default, Plaintiff is required to motion the court for entry of default judgment.

6. Because Defendant has failed to make an appearance in this case and has otherwise failed to file a responsive pleading or request an extension of time to file a response, pursuant to Fed. R. Civ. P. 55(b), Plaintiff now moves for entry of default judgment against Defendant.

7. This motion is further supported by the following memorandum of law, wherein Plaintiff states the following:

## MEMORANDUM OF LAW

### I. INTRODUCTION

#### a. Statement of Facts

Plaintiff is a property broker authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC-178439) that arranges for the interstate transportation of property by various motor carriers. D.E. 1, ¶ 3. At all times relevant, Defendant was a for hire motor

carrier authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC-1057326). D.E. 1, ¶ 5. On or about March 16, 2023, Defendant entered into a Transportation Brokerage Agreement ("Agreement") with Plaintiff, wherein Defendant agreed to transport cargo for customers of Plaintiff. D.E. 1, ¶ 7. A true and accurate copy of the Agreement is attached hereto as **Exhibit A**.

M & L Worldwide Logistics ("M & L") contacted Plaintiff to arrange for transportation of a UPS Tractor (the "Shipment") on behalf of its customer (the "Customer") from Sparks, Nevada to Visalia, California. D.E. 1, ¶ 10. Governed by the Agreement, on or about September 28, 2023, Plaintiff arranged for Defendant to transport the Shipment from Sparks, Nevada to Visalia, California. D.E. 1, ¶ 11. A true and accurate copy of the governing bill of lading for the Shipment ("the Bill of Lading"), is attached hereto as **Exhibit B**. The Shipment was tendered to Defendant in Sparks, Nevada on or about September 28, 2023, in good condition. D.E. 1, ¶ 12. Defendant picked up the Shipment, which was in good condition; however, it failed to deliver the Shipment the consignee in the same condition. D.E. 1, ¶ 13. Instead, the Shipment arrived at the destination in a damaged condition. *Id.* Specifically, the Shipment was damaged when Defendant hit an overpass. D.E. 1, ¶ 14. Due to the damage to the Shipment, the Shipment required extensive repairs. D.E. 1, ¶ 15. Photographs of the damaged Shipment and the repair quote are attached hereto as **Exhibit C.**

At all times the transportation of the Shipment was governed by the Agreement, paragraphs 8 and 11 of which make Defendant wholly responsible for performing the transportation services contemplated by the Agreement and liable for damages arising from cargo loss, damage or delay in the performance of such services. D.E. 1, ¶30; Ex. A, ¶¶ 8 and 11. Defendant breached the Agreement by not successfully delivering the Shipment in the same condition as it was received, and then refusing to respond to or cooperate with Plaintiff in the resolution of the claim. D.E. 1, ¶ 31.

The Customer submitted a Presentation of Loss and Damage Claim ("Claim Form") to Plaintiff in the amount of $49,579.63 ("Original Claim Amount")[1], reflecting the amount of damages the Customer suffered as a result of Defendant's failure to deliver the Shipment in the same condition it was received ("Claim"). D.E. 1, ¶ 16. A true and correct copy of the Claim Form is attached hereto as **Exhibit D.** Pursuant to an agreement between M & L and Plaintiff ("Services Contract"), Plaintiff was liable for the damages stated in the Claim Form, plus additional freight charges incurred to transport the Shipment to and from the repair shop. D.E. 1, ¶ 17. Accordingly, Plaintiff paid $53,779.63 to M & L (the "Claim Amount"). D.E. 1, ¶ 18. A true and correct copy of the payment copy is attached hereto as **Exhibit E**. In consideration of

---

[1] The Presentation of Claim form references the amount of the claim as $49,579.63. However, there were additional freight charges totaling $4,200.00 to transport the Shipment to and from the shop for repairs. Thus, the total value of the claim is $53,779.63.

Plaintiff's Claim payment, Plaintiff was assigned all rights of the Claim. D.E. 1, ¶ 19; Ex. D. Despite issuing demands for payment, Defendant has failed to issue payment for the Claim.

Paragraph 9 of the Agreement makes Defendant responsible for defending, indemnifying and holding Plaintiff harmless "from and against all loss, liability, judgment, damage, claim, fine, cost or expense, including reasonable attorneys' fees, arising out of or in any way related to" Defendant's performance or breach of the Agreement. D.E. 1, ¶ 32; Ex. A, ¶ 9. Defendant further breached the Agreement by failing to indemnify and hold Plaintiff harmless for the cargo loss, costs, and attorney's fees Plaintiff incurred as a result of Defendant's breach of the Agreement. D.E. 1, ¶ 33. Plaintiff has accrued costs and reasonable attorneys' fees in enforcing the Agreement and in pursuing its losses and contractual indemnification from Defendant, which attorneys' fees and costs are recoverable under the Agreement. D.E. 1, ¶ 35.

**b.      Jurisdiction**

Plaintiff is a Florida corporation with its principal place of business located in Jacksonville, Florida. D.E. 1, ¶ 2. Plaintiff is a property broker authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC-178439 that arranges for the interstate transportation of property by various motor carriers. Plaintiff also holds federal authority as an authorized motor carrier. D.E. 1, ¶ 3.

Defendant is a New Jersey corporation with its principal place of business in Kearney, New Jersey. D.E. 1, ¶ 4. Defendant is a for hire motor carrier authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC-1057326) to transport property in interstate commerce. D.E. 1, ¶ 5.

This Court has original jurisdiction, pursuant to 28 U.S.C § 1337(a), over claims for cargo loss and damage brought under the Carmack Amendment, 49 U.S.C § 14706 ("the Carmack Amendment") where the amount in controversy exceeds $10,000.00, as it does here. D.E. 1, ¶ 6.

On or about March 16, 2023, Defendant entered into the Transportation Brokerage Agreement ("Agreement") with Plaintiff, wherein Defendant agreed to transport cargo for customers of Plaintiff. D.E. 1, ¶ 7; Ex. A. Paragraph 26 of the Agreement provides that:

> Each of the parties hereto irrevocably and unconditionally submits itself to the exclusive jurisdiction and venue of the state and federal courts serving Jacksonville, Florida, and any appellate court thereof, in any suit, action or proceeding arising out of or relating to this Agreement and further irrevocably and unconditionally waives any claim or defense that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

Accordingly, Defendant consented to the jurisdiction of this Court and to this Court being a proper venue for this action, which arises out of and/or relates to the Agreement.

    **c.**    **Procedural Posture**

Plaintiff filed its Complaint on January 29, 2025. D.E. 1. Plaintiff, utilizing the services of Tactical Investigations & Process Service, LLC, was able to effectuate service on Defendant via its registered agent on March 22, 2025. D.E. 12. Defendant did not serve an answer or a file motion to dismiss, or plead or otherwise defend this action as required by Rule 12 of the Federal Rules of Civil Procedure, so Plaintiff filed a Motion for Entry of Default by Clerk against Defendant on May 12, 2025. D.E. 13. The Clerk entered an Entry of Default on June 10, 2025. D.E. 14. Pursuant to Fed. R. Civ. P. 55(b), Plaintiff now moves for entry of default judgment against Defendant.

## II.    STANDARD OF REVIEW

"A court may enter a default judgment only if the factual allegations in the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment." *Miranda v. Palms Hotels & Villas, LLC*, WL 3232242 *2 (M.D. Fla. Oct. 31, 2007) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). In order to enter a default judgment, "the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted." *Aguilar v. Santana Painting & Cleaning Services Inc.*, WL 5954482 *1 (M.D. Fla. Oct. 13, 2015) (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206). "Although a defaulted defendant admits well-pleaded allegations of liability, allegations

relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).

### III. <u>PLAINTIFF IS ENTITLED TO A DEFAULT JUDGMENT AGAINST DEFENDANT</u>

Plaintiff, a property broker authorized by the FMCSA , is entitled to a judgment on both of its causes of action against Defendant, a motor carrier, which has failed to plead in response in this action.

#### a. <u>Count I – Breach of Contract</u>

To prevail in a breach of contract claim under Florida law, Plaintiff must plead and establish: "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Doe v. Roe*, 2018 WL 4698886 *7 (S.D. Fla. Sept. 29, 2018) (citing *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (applying Florida law)).

The allegations in the Complaint, now taken as true as a result of Defendant's failure to respond, sufficiently establish Defendant's breach of contract. Having duly entered into the Agreement with Plaintiff, Defendant's carriage of the Shipment was subject to the Agreement's terms and conditions. D.E. 1, ¶ 29. Paragraphs 8 and 11 of the Agreement make Defendant wholly responsible for performing the transportation services contemplated by the

Agreement and liable for damages arising from cargo loss, damage, or delay in the performance of such services. D.E. 1, ¶ 30; Ex. A, ¶¶ 8, 11. Defendant breached the Agreement by not successfully delivering the Shipment in the same good condition in which the Shipment was received, and then refusing to respond to cooperate with Plaintiff in the resolution of the claim. D.E. 1, ¶ 31.

Paragraph 9 of the Agreement makes Defendant responsible for defending, indemnifying, and holding Plaintiff harmless "from and against all loss, liability, judgment, damage, claim, fine, cost or expense, including reasonable attorneys' fees, arising out of or in any way related to" Defendant's performance or breach of the Agreement. D.E. 1, ¶ 32; Ex. A, ¶ 9. Defendant breached the Agreement when the Shipment hit an overpass during transit and suffered damage. D.E. 1, ¶ 31. Defendant further breached the Agreement by failing to indemnify and hold Plaintiff harmless for the cargo loss, costs, and attorneys' fees Plaintiff incurred as a result of Defendant's breach of the Agreement. D.E. 1, ¶ 33. As a direct result of Defendant's failure to deliver the Shipment in the same condition as it was received to the intended consignee, Defendant is liable for Plaintiff's actual damages in the amount of $53,779.63. D.E. 1, ¶ 34; Ex. D; Ex. E. Plaintiff has accrued costs and reasonable attorneys' fees in enforcing the Agreement and in pursuing its losses and contractual indemnification from Defendant, which attorney's fees and costs are recoverable under the Agreement. D.E. 1, ¶ 34.

### b. Count II – Carmack Amendment

To establish a *prima facie* case of liability under the Carmack Amendment, the claimant "must show three things: (1) the goods were delivered to the carrier in good condition; (2) the goods were damaged during transit; and (3) a specified amount of damages resulted." *Atlantic Specialty Insurance Company v. Digit Dirt Worx, Inc.*, 793 Fed.Appx. 896, 900 (11th Cir. 2019) (citing *A.I.G. Uruguay*, 334 F.3d at 1003).

The allegations in the Complaint, now taken as true as a result of Defendant's failure to respond, sufficiently establish Defendant's liability for damage to the Shipment under Carmack. The Shipment was tendered to Defendant in Sparks, Nevada on or about September 28, 2023, in good condition. D.E. 1, ¶ 12. Defendant picked up the Shipment, which was in good condition, however it failed to deliver the Shipment to the intended consignee in the same condition when Defendant hit an overpass that caused significant damage to the Shipment. D.E. 1, ¶¶ 13 -14. Due to the damage to the Shipment, the Shipment required extensive repairs. D.E. 1, ¶ 15; Ex. C. As such, the Customer made and submitted a Presentation of Loss and Damage Claim to Plaintiff, representing the total amount of repair costs incurred as a result of Defendant's failure to deliver the Shipment in the same condition as it was received. D.E. 1, ¶ 16; *See* Ex. D; Ex E. Pursuant to the Services Contract between the M & L and Plaintiff, Plaintiff was liable for the damages stated in

the Presentation of Loss and Damage Claim, plus additional freight charges incurred to transport the Shipment to and from the repair shop. D.E. 1, ¶ 17; Ex. D; Ex. E. Accordingly, Plaintiff issued payment to M & L totaling $53,779.63. D.E. 1, ¶ 18; Ex. E. In exchange for payment pursuant to the Presentation of Loss and Damage Claim, Plaintiff was assigned all rights of the Claim. D.E. 1, ¶ 19; Ex. D. Thus, Plaintiff is the owner and assignee of said claim. D.E. 1, ¶ 24; Ex. D.

As the motor carrier in possession of the Shipment, Defendant is liable to the party entitled to recover for the full actual value of the lost, damaged, or delayed property and cost of transportation under the Carmack Amendment. D.E. 1, ¶ 25. As the assignee and owner of the Claim, Plaintiff is the party entitled to recover the full actual value of the lost property and cost of transportation under the Carmack Amendment. D.E. 1, ¶ 26.

As a direct and proximate result of Defendants failure to properly deliver the Shipment, Plaintiff has suffered damages in the amount of $53,779.63. D.E. 1, ¶ 27; *See* Ex. A; Ex. D; Ex. E.

### IV.  **CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiff LANDSTAR RANGER, INC., respectfully requests that the Court grant its Motion for Entry of Default Judgment against Defendant LIMITLESS CARRIERS CORP. and

enter judgment in its favor in the amount of $53,779.63, plus attorney's fees, interest, and costs as allowable by law.

| | |
|---|---|
| Date: June 26, 2025 | Respectfully submitted, |
| | /s/ Lauren Feldman, Esq. |
| | Sophia L. Bernard, Esq. |
| | Florida Bar No. 113805 |
| | Lauren Feldman, Esq. |
| | Florida Bar No. 010075 |
| | TAYLOR NELSON PL, |
| | 20 3rd Street SW, Suite 209 |
| | Winter Haven, FL 33880 |
| | (863) 875-6950 (tel) |
| | (863) 875-6955 (fax) |
| | sbernard@taylorlawpl.com |
| | lfeldman@taylorlawpl.com |
| | efiling@taylorlawpl.com |
| | lroberts@taylorlawpl.com |
| | |
| | *Counsel for Plaintiff* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 26, 2025, the foregoing document was filed with the Clerk of Court through the CM/ECF system, and a copy was served, via certified mail, upon:

    Limitless Carriers Corp. C/O Keita Daouda
    1494 Fruit Cove Forest Road S.
    St. Johns, Florida 32259

                                  /s/ Lauren Feldman, Esq.